J. E. CONN *et al.*, Executors, Appellants, *v.* R. TONNER, Administrator, *et al.*, Appellees.

Mortgage: LEASEHOLD WITH OPTION TO PURCHASE. A mortgage upon a leasehold, with an option to purchase upon the expiration of the lease, will not transfer said option to the mortgagee.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, OCTOBER 24, 1892.

THE plaintiffs bring this action in equity to foreclose a mortgage upon real estate executed by Reinhart Sevening, deceased, and the defendant, Mathilda Sevening, his wife, to James Conn, deceased, to secure the payment of one promissory note of said Reinhart Sevening to said James Conn. A. Hallam, who was made a defendant, as claiming some interest in the land, answered, alleging that the plaintiffs' mortgage was fraudulently procured, and that he had a prior and superior lien to said mortgage, and asking that the plaintiffs' action be dismissed. Judgment was entered in favor of the plaintiffs against the defendant R. Tonner, as administrator, for the amount claimed, and decree that the plaintiffs' petition be dismissed as to all the other defendants, and that the title to the land be confirmed and quieted in the defendant Hallam. The plaintiffs appeal.—*Affirmed.*

*Rollins & Berry*, for appellants.

*Hallam & Kelsey*, for appellees.

GIVEN, J.—The following facts appear without question: On November 26, 1880, the board of trustees of the Iowa State Agricultural College and Farm executed a lease to John Burrows upon the lands in question, under chapter 71 of Acts of the Fifteenth General Assembly, for the term of ten years from that date, at an annual rental of sixty-four dollars, payable on the twenty-sixth day of November of each year, with a provision that a failure to pay should terminate the lease and forfeit all rights thereunder. Said lease con-

tains this further provision: "And it is further agreed and stipulated that at the expiration of said term of said lease (provided the same shall not have been forfeited) said lessee, at his option, or his heirs or *bona fide* assignee, shall have the right to purchase said land at the said sum of five dollars per acre, and on payment thereof and the sum of two hundred dollars shall be entitled to a patent to said land." On August 6, 1881, John Burrows assigned this lease to Reinhart Sevening. On October 4, 1882, Reinhart Sevening and the defendant Hallam entered into an agreement in writing as follows:

"Witnesseth, that the said party of the first part hereby sells and assigns all his right and title in and to the annexed lease, upon this express condition: That the said party of the first part pay to the party of the second part, or his order, his two promissory notes, dated October 1, 1882,—one payable October 1, 1883, for four hundred and fifty-two dollars, with interest thereon at ten per cent. per annum from date, and one payable October 1, 1884, for four hundred and fifty-two dollars, with interest at ten per cent. per annum from date; and upon a failure of the said party of the first part to pay the money on said notes, as agreed, he agrees to pay all costs and collection for enforcement of this agreement. Said Alfred Hallam agrees, upon the payment of these notes, as above stipulated, to surrender this contract and the attached lease to the party of the first part. Signed this 4th day of October, 1882.                     REINHART SEVENING.

"ALFRED HALLAM."

This instrument was neither acknowledged nor recorded. Thereafter, on August 24, 1885, Sevening and wife executed and acknowledged the mortgage sued upon, which was duly filed for record and recorded on the twenty-sixth day of August, 1885. This mortgage is in the usual form, conveying the land described with

a general covenant of warranty, and conditioned for the payment of the note of eight hundred and sixty dollars. Sevening and his family occupied the land as their home from shortly after the date of the assignment of the lease until the time of his death, and his family continued to occupy it for some time thereafter. There is a contention as to whether James Conn had actual knowledge of said written agreement between Reinhart Sevening and defendant Hallam at the time he accepted the mortgage sued upon. We think the weight of the evidence to be in favor of the conclusion that he was informed of that agreement.

We first inquire as to plaintiffs' claim. It will be observed that at the time the mortgage was executed the only interest that Sevening had in the land was under the lease from the trustees of the agricultural college and farm, which lease gave the right of possession until November 26, 1890, upon the conditions named, and the option to, at the time, purchase the land at the price named. In *Sweezy v. Jones* (65 Iowa, 273), Jones held a lease identical with this, and it was sought to take the land under a judgment against him. It was held that, while the leasehold interest might be so taken and applied, the interest existing by reason of the option did not constitute a right in the land, and that the judgment did not become a lien upon it. It is said: "The person holding the right of option is not a purchaser. He becomes such, only by exercising his right of option, and not until he becomes a purchaser does he acquire anything which a court of law or equity can recognize." Following this ruling, we must hold that the right of option did not pass to James Conn by the mortgage, but only the interest of Reinhart Sevening in the land as lessee. It was this interest, and this alone, that was pledged by the mortgage for the payment of the note sued upon. This lease, by its terms, expired several months before the

case was submitted to the court for decree. At that time there was no lease against which to foreclose. The property pledged, namely, the leasehold estate, having ceased to exist, it would be idle to order a foreclosure as to it, or special execution for its sale.

We think, upon the unquestioned facts, the appellants received all the relief to which they were entitled, namely, judgment against R. Tonner, as administrator of the estate of Reinhart Sevening. As this view fully disposes of the case so far as the appellants' rights are concerned, we do not notice other questions discussed. The judgment of the district court is AFFIRMED.