## Case No. 1,876.
### BRIGHT v. BOYD.
[2 Story, 605.] [1]
Circuit Court, D. Maine. Oct. Term, 1843.

VENDOR AND PURCHASER — DEFECTIVE TITLE — BONA FIDE PURCHASER—EQUITABLE LIENS.

A bona fide purchaser, for a valuable consideration, without notice of any defect in his title, who makes improvements and meliorations upon the estate, has a lien or charge upon the estate for the increased value, which is thereby given to the estate beyond its value without them, and a court of equity will enforce the lien or charge against the true owner, who recovers the estate in a suit at law against the purchaser.

[Cited in Kanawha Coal Co. v. Kanawha & Ohio Canal Co., Case No. 7,606; Griswold v. Bragg, 48 Fed. 521; Davis v. Gaines, 104 U. S. 405; Canal Bank v. Hudson, 111 U. S. 83, 4 Sup. Ct. 83; Doe v. Roe, 31 Fed. 99.]

[In equity. Bill by John Bright against John W. Boyd for injunction and other relief. Decree for complainant.]

This cause was formerly before the court, and the decision then had, and the reasons therefor, are reported in 1 Story, 478, et seq. [Bright v. Boyd, Case No. 1,875.] The interlocutory decree then made was as follows: "First Interlocutory Decree in the Case of John Bright in Equity against Jno. W. Boyd.—And now at this term the cause came on to be heard upon the bill, answer, pleadings, evidence, and other proceedings in the cause, and was argued by counsel. On consideration whereof it is ordered, adjudged, and declared by the court, that is to say, that it appears to the court, that the plaintiff is the purchaser, for a valuable consideration, of a defective title, without notice of the defect therein, and that improve-

---

[1] [Reported by William W. Story, Esq.]

ments have been made by the complainant, or his grantors, on the premises of the respondent, under a mistake of title, and that he is entitled to relief in equity. That it be referred to a master, if the parties do not otherwise agree, to ascertain the character and value of said improvements, by whom made, and at what time they were made. Also, that the master ascertain and report of the value of the rents and profits of the land, on which said improvements are made, and state an account thereof. Also, to ascertain and report the present value of the said land without the improvements, and how far the value of said land is increased by said improvements. And that the master is to ascertain the foregoing facts, as well by the examination of witneses as by the examination of the parties, and by all other suitable proofs, and to make report thereof to the court. And that the master be clothed with all proper powers for the purposes aforesaid, and that further orders and decrees in the premises be reserved until the coming in of the report."

At the present term, (Oct. term, 1843,) the master made his report as follows:

"Report of the Master.—The master, to whom it was referred to ascertain the character and value of the improvements on the lot in controversy, by whom made, and at what time they were made, and to ascertain and report upon the value of the rents and profits of the land, on which said improvements are made, and state an account thereof; also, to ascertain and report the present value of the land without improvements; reports, that, as far as he has been able to ascertain, the improvements upon said lots were made by John E. Marshal. They consist of a double wooden tenement of two stories, which was built in the years 1834 and 1835, and completed in the early part of the summer of 1838; that the said improvements are worth nine hundred and seventy-five dollars, and that the land without the improvements would be worth at this time, twenty-five dollars; and that the land, with the improvements, is now worth one thousand dollars, so that the value of the land is increased by the improvements, nine hundred and seventy-five dollars, and that, in his opinion, there would have been no rents or profits from said land, if no improvements had been made thereon.

"Fees, $5,00. Henry Warren."

"In my report, of which the within is a copy, I intend to value the whole lot of land without improvements at twenty-five dollars, and the whole improvements at nine hundred seventy-five dollars.

"Henry Warren."

The cause was now briefly argued by Longfellow, for the plaintiff, against the report, and by F. Hobbs, for defendant, in favor of it.

STORY, Circuit Justice. I have reflected a good deal upon the present subject; and the views, expressed by me at the former hearing of this case, reported in 1 Story, 478, et seq. [Bright v. Boyd, Case No. 1,875], remain unchanged; or rather, to express myself more accurately, have been thereby strengthened and confirmed. My judgment is, that the plaintiff is entitled to the full value of all the improvements and meliorations, which he has made upon the estate, to the extent of the additional value, which they have conferred upon the land. It appears by the master's report, that the present value of the land with the improvements and meliorations is $1000; and that the present value of the land without these improvements and meliorations is but $25; so that in fact, the value of the land is increased thereby $975. This latter sum, in my judgment, the plaintiff is entitled to, as a lien and charge on the land in its present condition. I wish, in coming to this conclusion, to be distinctly understood as affirming and maintaining the broad doctrine, as a doctrine of equity, that, so far as an innocent purchaser for a valuable consideration, without notice of any infirmity in his title, has, by his improvements and meliorations, added to the permanent value of the estate, he is entitled to a full remuneration, and that such increase of value is a lien and charge on the estate, which the absolute owner is bound to discharge, before he is to be restored to his original rights in the land. This is the clear result of the Roman law; and it has the most persuasive equity, and, I may add, common sense and common justice, for its foundation. The "Betterment Acts" (as they are commonly called) of the states of Massachusetts and Maine, and of some other states, are founded upon the like equity, and were manifestly intended to support it, even in suits at law for the recovery of the estate. The report will, therefore, be accepted, and allowed; and a decree made in conformity to the present opinion.

The final decree was as follows: "Final Decree.—And now, on coming in of the master's report, it is ordered, that the same be accepted and allowed. And it is further ordered, adjudged, and declared, that the said improvements, to the value of nine hundred and seventy-five dollars, are a lien upon the whole of the premises described in the plaintiff's bill, and that one quarter part of the said premises stand charged with one quarter of the said improvements. And it is further ordered, that unless one quarter part of the said sum of nine hundred and seventy-five dollars is paid by the defendant to the complainant, by the next term of the said court, one quarter part of the whole of the said premises, with the improvements thereon, shall be sold, and the proceeds thereof, to an amount not exceeding one quarter of nine hundred and seventy-

five dollars, shall be paid over to the complainant. And it is further ordered, that all further orders and decrees in the premises be reserved until the further order of court."