Day, J.
The plaintiff seeks to subject the real estate in-question to the payment of his claim against the estate of Samuel C. Poster, deceased. He claims the right to do it through the mortgage given by the decedent to secure the-note on which the claim is based. The mortgagee can> claim no greater estate than that of the mortgagor. What, then, was the interest of Samuel C. Poster in the premises?' It was held when the case was before this court on a former occasion (17 Ohio St. 166), that he had, in common with his sister, Christina, an estate in fee simple, but determinable, nevertheless, as to each of them, on the contingency of his or her dying without issue; and that at his death his-contingent estate passed to his sister, Christina R. Simpson, the defendant, by way of executory devise, under the-will of Christina Reed, from whom the estate came.
But it is now claimed, under an amendment of the petition, which has since been made, that Samuel C. Poster?, the mortgagor, had an equitable interest in the mortgaged premises for improvements made thereon by him, which may be enforced against the land, either under the occupying claimant law, or by virtue of an equitable liability of his tenant in common, who has come into the full enjoyment of the property.
As to the first ground of the claim, it is only necessary to say, that the facts of the case do not bring it within the-provisions of the “act for the relief of occupying claimants-of land.” Nor do we think there is shown any equitable-ground, upon which the land can be subjected for the payment of improvements made by Samuel C. Poster. They were not of a character which one joint tenant may, as of right, charge upon the other as necessary repairs; nor does-it appear that anything was done to render the sister otherwise liable for improvements, much less to make such liability a charge upon the land. On the contrary, she was a- *267 minor incapable of contracting; and, for aught that appears, it was contemplated that the improvements should become part of the common estate and follow its destiny,, or be subject to future negotiations.
But it is claimed that the improvements were made by Samuel C. Foster, in good faith, believing himself to be a joint owner of the land, and that, therefore, on principles of natural justice, he had an equitable interest in the land to the amount of one-half of the value of the improvements.. The principle relied upon is undoubtedly recognized by courts of equity when resort is had to them for relief against a party in possession of land, who has made improvements under a belief of ownership of the land; for, in such cases, a party seeking equity must do equity. But this is not that ease: here a party, at best, standing in the shoes of a tenant out of possession, invokes equitable relief. In Putnam v. Ritchie, 6 Paige, 390, Chancellor Walworth said, that he had not “been.able to find any ease, either in this country or in England, where the court of chancery had assumed jurisdiction to give relief to a complainant, who has made improvements upon land, the, legal title to which was in the defendant, where there has been neither fraud nor acquiescence on the part of the latter after he had knowledge of his legal rights.” Corbet v. Laurens, 5 Rich. Eq. 301
Judge Story, however, in Bright v. Boyd, 1 Story, 478, and same case, 2 Story, 605, strenuously maintains the doctrine of the civil law, in favor of granting relief to a complainant, who has made lasting improvements on land in good faith, without notice of the defective title, by compensating him for such improvements,.after makiug fair deductions from the value thereof for the rents of the property. But, although this would seem to be against the weight of authority, it is not necessary to decide the-question in this case; for it is well settled that no compensation can be had in equity where the improvements-are made with notice of the true state of the title. It can not be said, in this case, that the persons who made the *268 improvement were without such notice. On the contrary, they knew its nature, and, to say the least, were sufficiently advised of its character to put them on their guard as to its true legal effect. Undoubtedly, Samuel C. Foster regarded himself in some sense as the owner of the' land, but he knew equally well that his sister was in the same sense also a like owner of the land. Each had a life estate certain, with the prospect of its ripening into an unlimited fee of one-half on having issue, or of the whole on surviving the other dying without issue. And there can be little •doubt but that it was contemplated that the improvements should follow the contingent course of the land, without an accounting in relation thereto, or in regard to the rents of the land. At all events, nothing appears to the contrary but that the improvements were made in full view of all the contingencies of the case ; nor does it appear that the •defendant, with a knowledge of her rights, did anything to charge herself or the land with the improvements. It results that the mortgagor had no special equitable interest in the land separable from that which, at his death, passed under the will of Christina Reed to the defendant, Christina R. Simpson. The plaintiff, therefore, has no interest left under the mortgage that can be enforced against the land; nor has he acquired any right through the defendant to subject the land to the payment of his debt. It follows that the petition must be dismissed.

Judgment accordingly.