## MAGNUS PETERSON v. CORA E. DILL, and H. F. Shipley, Intervener and Respondent.

(157 N. W. 301.)

Specific performance — action for — supreme court — trial de novo — findings of fact — trial court — conclusions — judgment — sustaining.

Action for specific performance, upon a trial *de novo* in the supreme court, the finding of fact of the trial court to the effect that respondent is a good-faith purchaser of the lands involved, without notice, actual or constructive, of plaintiff's alleged prior contract for the purchase thereof from the original owner, is sustained together with the conclusions and judgment pursuant thereto.

Opinion filed March 17, 1916.

Appeal from the District Court, Ramsey County, *Buttz, J.*

From a judgment in intervener's favor, plaintiff appeals.

Affirmed.

*W. M. Anderson,* for appellant.

Good faith consists in the honest intention to abstain from taking an unconscionable advantage of another, even through the forms or technicalities of law, and an absence of all information or belief of facts that would serve as notice. Hunter v. Coe, 12 N. D. 505, 97 N. W. 869; Thompson v. Sioux Falls Nat. Bank, 150 U. S. 231, 37 L. ed. 1063, 14 Sup. Ct. Rep. 94; Dunn v. National Bank, 15 S. D. 454, 90 N. W. 1045; Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574; State v. Stewart,

9 N. D. 409, 83 N. W. 869; Code 1905, § 6701, Actual Notice, § 6702, Constructive Notice.

Knowledge of circumstances sufficient to put a prudent man on inquiry. Shauer v. Alterton, 151 U. S. 607, 38 L. ed. 286, 14 Sup. Ct. Rep. 442; Doran v. Dazey, 5 N. D. 167, 57 Am. St. Rep. 550, 64 N. W. 1023; Meyer v. Davenport Elevator Co. 12 S. D. 172, 80 N. W. 189.

Shipley had constructive notice of the prior transaction between plaintiff and defendant, and should perform defendant's contract. Lodge v. Simonton, 2 Penr. & W. 439, 23 Am. Dec. 47; Parker v. Conner, 93 N. Y. 118, 45 Am. Rep. 184; Code 1905, § 6618; Blakeman v. Miller, 136 Cal. 138, 89 Am. St. Rep. 120, 68 Pac. 587.

*Middaugh, Cuthbert, Smythe, & Hunt,* for respondent.

An acceptance to be effectual must be identified with the offer and unconditional. Where a definite offer is made, and the other person acts conditionally or injects a new term into his acceptance, it is not an acceptance of the original offer, and does not constitute a contract or agreement. Wald's Pollock, Contr. 3d ed. 43; 7 Am. & Eng. Enc. Law, 111, 138; 9 Cyc. 267; Coad v. Rogers, 115 Iowa, 478, 88 N. W. 947; Kleinhans v. Jones, 15 C. C. A. 644, 37 U. S. App. 185, 68 Fed. 742.

The acceptance must be of the offer as made, and this unconditional, to be of binding force. Sawyer v. Brossart, 67 Iowa, 678, 56 Am. Rep. 371, 25 N. W. 876; Baker v. Holt, 56 Wis. 100, 14 N. W. 8; 9 Cyc. 267, 280; Wald's Pollock, Contr. 3d ed. pp. 46, 47; Beiseker v. Amberson, 17 N. D. 215, 116 N. W. 94; Harris Bros. v. Reynolds, 17 N. D. 16, 114 N. W. 369; Babcock v. Ormsby, 18 S. D. 358, 100 N. W. 759.

A court of equity will not deprive a defendant of any right of property, whether legal or equitable, for which he has given value, without notice of plaintiff's equity, nor of any other common-law right acquired as an incident of his purchase. Professor Ames in his essay on "Purchasers for Value Without Notice." 39 Cyc. 1647.

The courts all unite on the proposition that in such cases there must be some inquiry which it is the duty of the purchaser to make. It is only as to the degree or amount of such inquiry that courts differ, and the circumstances of each case should control on this question. Daly v. Rizzutto, 59 Wash. 62, 29 L.R.A.(N.S.) 467, 109 Pac. 276; Attebery

v. O'Neil, 42 Wash. 487, 85 Pac. 270; Anderson v. Blood, 152 N. Y. 285, 57 Am. St. Rep. 515, 46 N. E. 493; E. B. Millar & Co. v. Olney, 49 Mich. 560, 37 N. W. 558; United States v. Detroit Timber & Lumber Co. 67 C. C. A. 1, 131 Fed. 668; Jones v. Simpson, 116 U. S. 609, 29 L. ed. 742, 6 Sup. Ct. Rep. 538; Ware v. Egmont, 4 De G. M. & G. 473, 24 L. J. Ch. N. S. 361, 1 Jur. N. S. 97, 3 Eq. Rep. 1, 3 Week. Rep. 48; Sugden, Vend. & P. 622; Wilson v. Wall, 6 Wall. 83, 91, 18 L. ed. 727, 730.

The right of specific performance is not absolute. Hunter v. Coe, 12 N. D. 505, 97 N. W. 869.

What makes inquiry necessary is such a visible state of things as is inconsistent with a perfect right in him who claims the benefit. Jones v. Simpson, 116 U. S. 609, 29 L. ed. 742, 6 Sup. Ct. Rep. 538; United States v. Detroit Timber & Lumber Co. 67 C. C. A. 1, 131 Fed. 668; E. B. Millar & Co. v. Olney, 69 Mich. 560, 37 N. W. 558; Anderson v. Blood, 152 N. Y. 285, 57 Am. St. Rep. 515, 46 N. E. 493; Daly v. Rizzutto, 59 Wash. 62, 29 L.R.A.(N.S.) 467, 109 Pac. 276.

FISK, Ch. J. Plaintiff seeks to compel specific performance of an alleged contract for the purchase of certain real property. The action was brought against the alleged vendor, Cora E. Dill, but service was not obtained on her, and she has not appeared. Shortly after the commencement of the action the respondent Shipley was permitted to intervene, claiming equitable ownership of the land, and praying that his title and right to possession be quieted as against the plaintiff. To the complaint in intervention, plaintiff answered alleging that the intervener purchased the land from defendant Dill, with knowledge that plaintiff had a contract with her for his purchase thereof, and he prays for a dismissal of the intervener's complaint, and for a judgment quieting his alleged equitable title to the land.

The intervener had judgment in the court below, and plaintiff has appealed, specifying that he desires a trial *de novo* in the supreme court.

The facts are not seriously in dispute, and as found by the trial court are as follows:

"I. That at the time of the commencement of this action and at all times since the state of North Dakota was and is the owner in fee of

the southeast quarter of section six (6), township one hundred fifty-eight (158), range sixty-two (62), said land being located in the county of Ramsey and state of North Dakota.

"II. That on November 18, 1901, at a sale of the said premises as school land by the Board of University and School Lands of the State of North Dakota, at the city of Devils Lake, Ramsey county, North Dakota, one D. M. McCanna purchased of said state and received from the state of North Dakota a contract for the sale of said land for a consideration of $10 per acre under the usual terms and conditions of the sale of state school lands of the state of North Dakota, said contract being known as contract No. 169.

"III. That on April 25, 1905, said D. M. McCanna assigned all his right, title, and interest in and to the said contract to the defendant Cora E. Dill, and her assignment thereof has been duly registered in accordance with law, and at the date of the commencement of this action all payments, including interest and taxes due upon the purchase price thereof under said contract, had been fully met.

"IV. That on December 8, 1911, the intervener, H. F. Shipley, purchased from the defendant Dill all her right, title, estate, and interest in and to said premises, and under said school land contract, and paid to the defendant Dill the sum of $580 in cash, and at the same time made and delivered to her his promissory note for $930, with interest at 7 per cent per annum, due on January 1, 1913, and his other note for the same amount and at the same rate of interest due on January 1, 1914, and thereupon the defendant Dill made and delivered to the intervener a good and sufficient assignment of the said school land contract and of all of her right, title, estate, and interest in and to said land, which assignment was in a form acceptable to the Board of University and School Lands and the land commissioner of the state of North Dakota, and thereafter and on January 8, 1912, the intervener paid to the state of North Dakota through the county treasurer of Ramsey county the instalment of principal on said contract which fell due on January 1, 1912, amounting to $320, and also paid the interest on said contract for the year 1912 amounting to $38.40, and on October 31, 1913, paid the taxes due on said premises for the year 1912 in the amount of $37.

"V. That the said purchase by the intervener from the defendant Dill

of said premises, the said payments made by him, and the making and delivery of his promissory notes, the execution and delivery of her assignment of said contract for said premises to him, the payments by the intervener made to the state of principal and interest as aforesaid, and each and all of the foregoing acts and all negotiations and circumstances connected therewith, were made and had by the intervener, H. F. Shipley, in entire good faith, without any notice or knowledge of the claims of any other person as to ownership or equity in said premises or said school land contract, and without any actual or constructive notice or knowledge of any facts or circumstances sufficient to put him on inquiry as to the existence of a claim made by the plaintiff, Magnus Peterson, of ownership or interest acquired in said premises or the school land contract therefor; and the court finds that the intervener, H. F. Shipley, was and is a purchaser for value in good faith and without notice, and thereupon became the equitable owner of said premises.

"VI. That on or about November 30, 1911, the defendant Dill did enter into negotiations with the plaintiff Peterson for the sale of said premises and her interest therein, which resulted in an agreement between them for the sale of said premises, and the purchase thereof by plaintiff Peterson for a consideration of $20 per acre; but no papers were executed to consummate the contract, nor was any payment made, and the court finds that the intervener, H. F. Shipley, had no notice or knowledge, either actual or constructive, of any claims made by the plaintiff Peterson of ownership or interest in said premises acquired by virtue of said agreement between the plaintiff Peterson and the defendant Dill, and said intervener had no notice or knowledge, either actual or constructive, of such agreement having been made.

"VII. That at the time of said purchase by the intervener, H. F. Shipley, the records of the Board of University and School Lands and of the auditor of Ramsey county, North Dakota, showed the ownership of said school land contract to be in the defendant, Cora E. Dill, by assignment from the original owner of said contract, the said D. M. McCanna.

"VIII. That on and prior to December 8, 1911, the defendant Dill was in possession of said premises, and thereafter and upon the sale of said premises to the intervener, H. F. Shipley, as aforesaid, and upon the assignment of the state school land contract from the defend-

ant Dill to the intervener Shipley, he immediately entered into the possession of said premises, and at all times thereafter has been and still is in possession thereof, and has during the years 1912 and 1913 conducted the usual farming operations thereon."

Appellant challenges the findings to the effect that in making his purchase respondent acted in good faith and without any notice or knowledge of his rights, and also to the effect that plaintiff acquired no vested rights in the land through his alleged purchase. These are the questions which we are called upon to retry. If we reach the conclusion that respondent made his purchase without notice, actual or constructive, of appellant's alleged rights, it will not be necessary for us to determine the disputed question as to whether, in fact and law, appellant acquired an equitable interest in the land, as he contends.

That respondent had no actual notice is clear. At the most, in so far as the record discloses, he merely had notice that appellant had been negotiating with Dill for the purchase of the land, and that she, for some unknown reason, intended to give him a first opportunity to purchase. In brief, we are in full accord on this point with the very clear views of the trial judge as expressed in his memorandum decision, and we adopt the same as the views of this court, as follows: "Peterson claims that Shipley took the land with notice of his outstanding contract with Miss Dill, and therefore took it subject to such contract, and must fulfil her contract and convey the land to him. If he did have such knowledge, either actual or constructive, Mr. Peterson must prevail. Hunter v. Coe, 12 N. D. 505, 97 N. W. 869; Horgan v. Russell, 24 N. D. 490, 43 L.R.A.(N.S.) 1150, 140 N. W. 99.

The sum total of Mr. Shipley's knowledge of Mr. Peterson's dealings with Miss Dill is best set out in two documents: (1) A telegram in answer to Shipley's wire, which reads: "If M. Peterson does not buy, will accept your offer; sent letter Sunday;" and (2) a letter the substance of which is as follows: "Your telegram received. Mr. M. Peterson has first chance with the land in question. Should he fail to buy and make contract, I will accept your offer as stated in telegram."

There were other items of testimony in the record with reference to Miss Dill's conversation with Mr. Shipley, but there is nothing else in the record that may be construed as strongly against Mr. Shipley as the matters quoted. To be sure, some of plaintiff's questions put to intervener intimate or insinuate more knowledge on Shipley's part; but the

answers in each case absolutely negative such claims, and the court must pass on the case as the record stands, not as a party may contend it ought to stand.

There was, of course, no *actual* notice to Mr. Shipley, nor does Peterson so claim. Was there any such *constructive* knowledge as places Mr. Shipley in a position that it can be said he cannot conscientiously retain the benefits of his bargain? I think not. I agree with counsel in his statement in his brief: "The most that can be said of this evidence is that Mr. Shipley was informed that Mr. Peterson had been considering the purchase of this land. Nothing further. It should be particularly noted that Shipley had not knowledge at any time that Peterson claimed to have bought the land."

"What makes inquiry necessary is such a visible state of things as is inconsistent with a perfect right in him" who claims the benefit. Jones v. Simpson, 116 U. S. 609, 29 L. ed. 742, 6 Sup. Ct. Rep. 538; United States v. Detroit Timber & Lumber Co. 67 C. C. A. 1, 131 Fed. 668; E. B. Millar & Co. v. Olney, 69 Mich. 560, 37 N. W. 558; Anderson v. Blood, 152 N. Y. 285, 57 Am. St. Rep. 515, 46 N. E. 493; Daly v. Rizzutto, 59 Wash. 62, 29 L.R.A. (N.S.) 467, 109 Pac. 276.

The matters brought to Mr. Shipley's knowledge were not sufficient to charge him with either actual or constructive notice of Mr. Peterson's rights. Under the evidence Mr. Shipley was a purchaser in good faith, for value and without notice, and must prevail.

Entertaining these views it necessarily follows that the judgment must be affirmed, with costs.