SPOTTS, et al, Appellants, v. WOLF, Respondent.

(220 N. W. 495.)

(File No. 5927.   Opinion filed July 7, 1928.)

*Walker & Gurley,* of Armour, and *J. W. Jackson,* of Kennebec, for Appellants.

*Brown & Brown,* of Chamberlain, for Respondent.

MISER, C. This is an appeal from an order overruling a demurrer to respondent's answer and counterclaim. Appellants, as the administrators of the estate of John F. Spotts, deceased, allege in their complaint that, at his death, Spotts was the owner of 1,840 acres of land in Lyman county, and that, since his death, his estate and heirs are the owners of said property; that respondent claims some right therein; and that said estate and said heirs are entitled to have the title to said property quieted in the estate, free from any claims of respondent; and pray that title be quieted in the estate of the said Spotts.

To this complaint respondent served the answer and counterclaim demurred to. It admits that, at the time of his death, John F. Spotts owned the real estate; denies that the heirs of said Spotts are now the owners of the real estate; denies that the plaintiffs, as administrators, are entitled to the possession of said real estate, and, by way of counterclaim, alleges that, after the death of said Spotts, the then duly qualified administrator of his estate, one Freelove, undertook to sell said real estate at administrator's sale; that at said sale said premises were struck off to Wolf, respondent herein, as purchaser, who thereupon paid $13,100 therefor, and thereafter, on March 1, 1920, the date on which conveyance was to be made, paid an additional sum of $14,800, but, being advised that the attempted sale was wholly void, by reason of the failure of said administrator to furnish the additional bond required by law, Wolf thereafter demanded of said administrator the return of the $27,900 he had paid, and on October 30, 1920, Wolf commenced an action in circuit court against said Freelove, administrator, for the recovery of said sum, and demanded judgment that said sum be made a lien upon said real estate; that, at the trial of said action, it was stipulated by the parties, and the court found, that such sale was void; that all of the moneys paid to said Freelove as administrator by Wolf, as part of the purchase price of said land, had been paid out by said administrator either to pay allowed claims against the estate or as advancements to the heirs; and it was also stipulated, in the suit of Wolf against Freelove as administrator, that judgment might be entered in favor of Wolf against said administrator for the sum of $28,200, which was the sum paid to said administrator by Wolf with interest, less the rents and profits of the use of the land, and that it should provide that such judgment should be a lien upon the premises involved in the

sale, and not upon other real estate belonging to said estate, and that Wolf would not sell said premises under execution prior to January 1, 1923, a period of 18 months; that if, in the meantime, Freelove, as administrator, should sell said land to any other purchaser, Wolf would accept from the purchaser promissory notes for the full sum of $28,200 secured by a first mortgage on said premises; that upon the judgment so entered on July 1, 1921, execution was issued after January 1, 1923, the land sold thereon was bid in by Wolf, and, no redemption having been made, a sheriff's deed was issued to respondent.

After execution sale, Freelove, the administrator, died; and the appellants herein were subsequently appointed administrators. In his answer in the suit at bar, Wolf, by reference, made the entire judgment roll in the case of Wolf against Freelove, as administrator, a part of his answer and counterclaim.

It was to the answer and counterclaim of respondent to the complaint of the present administrators that appellants demur. The first ground of demurrer is:

"That there is a defect of parties to said counterclaim in that all the heirs at law of said Spotts are necessary parties defendant to any action brought by respondent to quiet title in him, whether such action be by counterclaim or brought directly."

The second ground is:

"That the judgment roll referred to in said counterclaim shows that the court, in said action, had no jurisdiction of the subject thereof, and that the court was without authority or jurisdiction to enter such judgment as was entered."

In the view that we take of this case, it is unnecessary to consider some of the points urged by appellants. If respondent has pleaded a defense and counterclaim to appellants' action to quiet title, the demurrer must be overruled, irrespective of whether respondent be entitled to all the relief for which he prays. The demurrer admits the truth of the allegations hereinbefore stated. It therefore admits that the estate of John F. Spotts, deceased, received from respondent, on January 21, 1920, $13,100 and on March 1, 1920, $14,800, and that all of said money has been used by said estate either to pay allowed claims or as advancements to the heirs; that the moneys were paid by respondent to said administrator in good faith; and that, if appellants prevail, respondent

has contributed the sum of $27,900 toward said estate, for which respondent would receive nothing, whereas the estate of the deceased would be bettered by said sum through such litigation.

Section 1693, R. C. 1919, is as follows:

"One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back in case of a failure of consideration."

As held in O'Neill v. Bennett, 49 S. D. 524, 531, 207 N. W. 543, 546, this section is merely a statutory enactment of an equitable principle existing from remote times. Lyon, J., in Blodgett v. Hitt, 29 Wis. 169, makes a careful review of the authorities on this equitable proposition, including Bright v. Boyd, Fed. Cas. No. 1,875, 1 Story, 478, and Id., Fed. Cas. No. 1,876, 2 Story, 605, to which he refers as the leading case on the question. He quotes Judge Story, in Bright v. Boyd, as declaring that:

"Such principle has the highest and most persuasive equity, as well as common sense and common justice, for its foundation."

And also that:

"It cannot be overlooked that the lands of the testator, now in controversy, were sold for the payment of his just debts, under the authority of law, although the authority was not regularly executed by the administrator in his mode of sale, by a noncompliance with one of the prerequisites. It was not, therefore, in a just sense, a tortious sale; and the proceeds thereof, paid by the purchaser, have gone to discharge the debts of the testator, and so far the lands in the hands of the defendant * * * have been relieved from a charge to which they were liable by law. So that he is now enjoying the lands free from a charge, which, in conscience and equity, he and he only, and not the purchaser, ought to bear."

It was held in Blodgett v. Hitt, supra, not only that the whole purchase money and the interest thereon, less the mesne profits of the land, was a lien and charge upon the land, and that the heirs could not have restitution of the land claimed by them until the amount of such lien was paid; but the court permitted defendant to amend his answer, which had theretofore set up only an equitable defense to the extent of the sum paid to discharge a mortgage on the land and to make a counterclaim for the whole of the pur-

chase price. For further citations, see 24 C. J. 681. We are of the opinion that the answer and counterclaim of respondent pleads a defense and counterclaim which, both upon principle and by authority, is sufficient.

■ ■ But appellants contend that the heirs of Spotts are necessary parties by reason of the counterclaim in which respondent seeks to quiet title in himself. Let us examine this contention. Appellants, as administrators, bring an action against respondent as sole defendant to have title quieted in the estate. They do not make the heirs parties. Respondent answers their counterclaims as hereinbefore stated. Appellants then demur on the ground that the heirs are necessary parties to such a counterclaim. Whether or not the interests of the heirs have been or can be divested by the act of the administrator, and whether or not the judgment and subsequent proceedings in Wolf against Freelove as administrator vested respondent with title to the lands as against the heirs, respondent is entitled at the very least, as against the estate of Spotts, to a lien on the lands bought by him, if the allegations in his counterclaim be true, as on demurrer they must be assumed to be. It is therefore unnecessary to determine whether the judgment in Wolf against Freelove as administrator and the sale on execution thereunder and the deed thereon has divested the heirs of title; for, in any event, there was a sufficient counterclaim, and the demurrer on the ground of defect of parties was properly overruled.

For all the reasons herein, the order overruling the demurrer must be and is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BROWN, J., disqualified, and not sitting.