AULTMAN, MILLER & CO. v. LUCINA PETTYS, SUSAN WILLIS NANCY MATRAN, AURAH WILDER, MORTIMER PETTYS AND ROSCOE D. DIX.

*Ante-nuptial contract for conveyance of land, in case of survivorship of the wife—Covenant not to mortgage, without both parties joining in instrument, sustained—Defective execution for want of two witnesses, cured by How. Stat. sec. 5727.*

By the terms of an ante-nuptial contract the prospective husband agreed, that, in case of the survivorship of the wife, his administrator should convey to her, by a proper deed, certain land described in the contract.   It was mutually covenanted that neither party should mortgage the land, during the marriage, without being joined by the other. The contract was duly acknowledged and recorded in the proper

office, but was executed in the presence of but one witness. Prior to the marriage, but after the execution of the contract, the woman furnished the money to clear the land of a small mortgage, and after its celebration, let her husband have $300. The parties lived together as husband and wife until the death of the former, after which event the administrator upon his estate deeded the land to the widow, pursuant to the conditions of the contract.

*Held*, in a suit brought to foreclose a mortgage executed by the husband, during coverture, in which, nor the accompanying note, the wife did not join, that the contract conveyed to her such a present interest in the land as to invalidate the mortgage. That it was entitled to record, and the defective execution was cured by How. Stat. sec. 5727.

Appeal from Berrien. (Smith, J.)  Argued January 10, 1886.  Decided February 3, 1886.

Complainant filed a. bill to foreclose a mortgage, which was dismissed on the hearing, which decree was affirmed on appeal.  The facts are stated in the opinion.

*Thornton Hall*, for complainant.

Complainant was entitled to a decree of foreclosure and sale, subject to the widow's dower.  The ante-nuptial contract conveyed no part of the title to the land, for it provided for a conveyance of the title by the husband's administrator, in case of the survivorship of the wife.  During the husband's life, he owned the land, and could mortgage it, even though in so doing he violated his personal contract with his wife.  Complainant was an innocent purchaser.  It had no actual notice of the contract at time of taking the mortgage, and the record was notice to no one, the execution of the contract not being witnessed according to the statute. This defect is not cured by How. Stat. sec. 5727, for this contract is not such an instrument as is contemplated by that statute.  Upon its face it is not "intended to operate as a conveyance."  If construed to be a land contract, its recording was not notice, for it was not until 1879 that the Legislature provided for recording such instruments:  Pub. Acts 1879, 213.

*Lawrence C. Fyfe* for defendants Pettys, Wilder and Dix.

The proposed marriage was a sufficient consideration for the contract:  *Magniac v. Thompson*, 7 Pet., 393–4; *Whelan*

---

[1] How. Stat. sec. 5709.

*v. Whelan*, 3 Cow., 537; *Sterry v. Arden*, 1 Johns. Ch., 261; *Wright v. Wright*, 54 N. Y., 437; *Smith v. Allen*, 5 Allen, 454. The instrument conveys an *estate* and its record is notice. It is a marriage settlement and recites its purpose to be to provide for the prospective wife. The estate is to commence in *futuro*, and is valid under the Michigan statute: How. Stat., § 5540, and under How. Stat. § 5683 its record is notice to the world and complainant took subject to it.

The curative Act of 1861, How. Stat., § 5727, covers the defective execution of the contract; *Healey v. Worth*, 35 Mich., 166; *Brooks v. Fairchild*, 36 Mich., 232; *King v. Carpenter*, 37 Mich., 368–9. The cases in 35 and 36 Mich., cited, arose *after* the passage of the 1867 Act prohibiting the record of deeds unless duly witnessed and acknowledged, which Act was held not to repeal the 1861 Act: *Brown v. McCormick*, 28 Mich., 215; hence, the lack of one witness does not prevent the record of the contract from operating as constructive notice.

MORSE, J. December 12, 1865, Daniel Pettys owned eighty acres of land in Bainbridge, Berrien county, in this State. At that time he was a widower. Lucina Brewster, now Lucina Pettys, one of the defendants, was a widow. On the day above mentioned the following instrument was entered into between her and the said Daniel Pettys:

"This agreement made and entered into the twelfth day of December, in the year of our Lord one thousand eight hundred and sixty-five, between Daniel Pettys, of the township of Bainbridge, in the county of Berrien, State of Michigan, the party of the first part, and Lucina Brewster, widow of Samuel F. Brewster, deceased, of the township aforesaid, party of the second part.

"Witnesseth, that whereas, a marriage is about to be had and solemnized between the said parties, and the said party of the first part is desirous of making and securing provisions for a proper settlement to and for the use and benefit of the said Lucina Brewster, his intended wife, and her heirs, forever: Now, therefore, the said party of the first part, for and in consideration of such marriage agreement, and in further consideration of the sum of one dollar to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, hereby covenants and agrees, to and with the said party of the second part, that in case she shall survive him, his executors, administrators, or assigns, shall,

after his death, by a proper deed, convey to the said party of the second part, and to her heirs and assigns, forever, in fee-simple, the following described tract or parcel of land, situated in the county of Berrien, State of Michigan, viz.: The east half of the southwest quarter of section twenty-eight, in township four south, of range seventeen west, containing eighty acres, according to the United States survey thereof, be the same more or less.

"But in case the said party of the first part shall survive the said party of the second part, then on and after the death of the said party of the second part, this contract or instrument shall become null and void and of no effect, and the estate and interest hereby granted, or contemplated to be granted or conveyed, shall revert wholly to the said party of the first part, and shall descend to his heirs, according to the laws of inheritance, in the same manner as if this instrument had never been made.

"And the said party of the second part hereby accepts of said interest in said lands, hereby granted, on the terms and conditions hereinbefore specified, and for the purposes mentioned.

"And it is further mutually covenanted and agreed, by and between the parties hereto, that neither party hereto, during the life-time of the other party, shall bargain, sell, alien, or convey, or shall incumber by mortgage, lease or otherwise, the said premises, without being joined by the other party in such bargain, sale, alienation, conveyance, or incumbrance, anything herein contained to the contrary notwithstanding.

"In witness whereof the said parties hereto have hereunto set their hands and seals the day and year first above written.

"DANIEL PETTYS.     [Seal.]

"LUCINA BREWSTER.    [Seal.]

"Signed, sealed and delivered in presence of
[Internal Revenue Stamp.]          D. A. WINSLOW."

On the same day it was duly acknowledged before a notary public of said county, and on the twenty-eighth day of February, 1871, recorded in the office of the register of deeds for Berrien county in liber 1 of Miscellaneous Records, at page 269.

The parties to this contract were, soon after its execution, married, and lived together as husband and wife until the death of Daniel, June 17, 1883.

Mrs. Pettys testifies that, before her marriage, but after the making of the agreement, she let Daniel Pettys have $110 to take up a mortgage on these premises, that they might be free and clear of all incumbrances. She also let him have $300 after the marriage.

Complainant's bill is filed to foreclose a mortgage executed by Daniel Pettys, May 3, 1883, upon the land, to secure the payment of a note for $110, made and delivered the same day by him to complainant. Lucina Pettys did not join with her husband in the execution of either the note or mortgage.

The defendants Susan Willis, Nancy Matran, Mortimer Pettys, and Aurah Wilder are the children and heirs at law of Daniel Pettys, the said Aurah being a minor. Roscoe D. Dix, the remaining defendant, holds a mortgage executed by Pettys and his wife subsequently to the mortgage of complainant.

The court below, upon pleadings and proofs, dismissed the bill.

It appears that an administrator was appointed upon Daniel's estate, and he, under the power mentioned in the contract, deeded the premises to Lucina Pettys on the third day of April, 1884. She occupies the premises under the contract and the deed so executed by the administrator.

It is claimed by complainant, an Ohio corporation, that it is an "innocent purchaser" in the taking of this mortgage; that it had no actual notice of the existence of this contract at the inception of the mortgage; and that the recording of the instrument, with only one witness to its execution, is no constructive notice to any one, it being an instrument not subject to record, under the law then existing; and that the defect is not cured by the confirmation statute as amended. How. Stat., § 5727.

It is also objected that the instrument is not such a one as is contemplated by that statute, as upon its face it is not "intended to operate as a conveyance." How. Stat., §§ 5689, 5727.

There seems to be no particular controversy upon the

facts as above stated and therefore the rights of the parties depend upon the question of notice. There is no claim that complainant had actual notice. We think the agreement conveyed such an interest in land that it was entitled to record. It was something more than an executory contract for the sale of the land. It expressly gave the future wife such an interest, at once upon its execution and delivery, that Daniel Pettys could not sell or incumber it without being joined in the deed or mortgage by the defendant, Lucina Pettys, and it was intended to and did "operate as a conveyance" to her of a present interest in the premises; such an interest that, without her deed or lease, no possession could be given to any one. How. Stat., § 5689.

It was a conveyance made in good faith, and for a sufficient consideration, and its record, despite the absence of one witness to its execution, was notice to the complainant. It was recorded in 1873. The mortgage sought to be foreclosed was obtained by complainant in 1883. The contract plainly comes under section 4253 of the Compiled Laws of 1871 (Act of February 2, 1861), amended in 1873, and now standing as section 5727 of Howell's Statutes: *Healey v. Worth.*, 35 Mich. 166; *Brooks v. Fairchild*, 36 Mich. 231. Upon the hearing this ante-nuptial contract was duly proven as was also the deed of the administrator in pursuance of its terms. No contest is made over the right of Lucina Pettys to hold the premises under this agreement and deed. She had no part in the creation of the mortgage debt, and there is no equitable claim against her by reason of the mortgage.

Complainant having had constructive notice of her rights in the premises, and of the agreement which prevented it from acquiring any lien upon the land under its mortgage, the decree below dismissing the bill must be affirmed, with costs of both courts.

CAMPBELL, C. J., and SHERWOOD, J., concurred. CHAMPLIN, J., did not sit.