HERBERT H. GUSTIN v. THE UNION SCHOOL-DISTRICT OF BAY CITY ET AL.

*Land contract—Option—Consideration—Descent of property—Specific performance.*

1. Many of the adjudicated cases upon what are termed "options" for the purchase of land have arisen upon unilateral contracts, which do not vest any interest in the land in the vendee (*Richardson v. Hardwick*, 106 U. S. 252), and only become binding by acceptance or performance of their conditions before the offer is withdrawn.

2. The rent reserved in a lease signed by both parties is a sufficient consideration for the agreement of the lessor to convey the land to the lessee at the expiration of the lease upon the payment of the agreed purchase price.

3. A lease containing an agreement by the lessor to convey the leased premises to the lessee at the expiration of the term, upon payment of an agreed purchase price, vests in the lessee a right to purchase, which, with the lease, passes to his administrator, who may assign it, and, upon payment of the purchase price by the assignee within the time limited, the contract becomes a completed purchase, and is enforceable in equity.

Appeal from Bay. (Cobb, J.) Submitted on briefs January 13, 1893. Decided January 20, 1893.

Bill for specific performance of contract. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*J. L. Stoddard,* for complainant.

*T. A. E. & J. C. Weadock,* for defendants.

HOOKER, C. J. This is a bill for specific performance. The premises in question are two lots in Bay City. On January 16, 1886, the defendant school-district, through

its proper officers, executed and delivered to George W. Mann a lease of the premises for the term of five years. Among the provisions of the lease was the following, viz.:

"Said first party agrees to execute to said second party or his assigns a deed, with full covenants of warranty, of said described land, at the expiration of this lease, upon the payment to it of the sum of $2,500, provided said second party, or his assigns, shall ask for said deed, in writing, at any time during the three months immediately preceding the time of the expiration of this lease."

Both parties signed the lease. In February, 1886, this lease was assigned to R. P. Gustin & Co. by instrument in writing. The bill alleges that this assignment was to R. P. Gustin, and the briefs of both parties so state. It will therefore be assumed that the exhibit is incorrectly printed, or that the name R. P. Gustin & Co. was but another name for R. P. Gustin, which may be inferred from the proofs. Gustin took possession of the property, and made repairs to the amount of several hundred dollars, and used the building upon the premises for a store, until his death, on February 25, 1889. His widow, Rachel S. Gustin, was appointed administratrix, and administered the estate, and a corporation was organized, composed of herself and others, which purchased the stock, and continued the business upon the premises under some arrangement made with her.

On the 9th day of January, 1891, her attorney appeared before the defendant board of education, and represented that she was unable to sell the contract or buy the land, and asked a further lease for two years to the corporation. The negotiations resulted in an agreement to make the R. P. Gustin Company a new lease for two years, with the privilege of purchasing left out. Writings were to be drawn, and defendants caused this to be done, but they were never executed. Defendants claim that the right to

purchase was at that time surrendered. We do not think that the proofs show this.

On January 14, 1891, Rachel S. Gustin, as administratrix, assigned the old lease and contract to the complainant, receiving therefor one dollar. On the 15th day of January, 1891, complainant deposited $2,500 with the city treasurer, and demanded in writing, of the president and clerk of the board, a deed of the premises. This was refused, and his money was tendered back to him.

The defendants contend that under this lease all right of enforcement descended to the heirs, and that Mrs. Gustin had no right to assign it, so far, at least, as the right to purchase is concerned; and that complainant, taking nothing by the void assignment, and being shown not to be an heir of deceased, has no right to a deed.[1] On the other hand, complainant asserts that the lease and accompanying option amounted to no more than a chattel interest, and as such went to the representative, and might be sold by her without an order from the probate court, like any other personal property, and that therefore the assignment to the complainant was valid.

The test to be applied is this: Did the intestate acquire under the writing that which equity will treat as an interest in the land, to the extent of considering the vendor a trustee, holding the title for the vendee? Many, if not most, of the adjudicated cases upon what are termed "options" for the purchase of land, seem to have arisen upon unilateral contracts, which only become binding by acceptance or performance of their conditions before the offer is withdrawn. But this case is not such, for the rent was a sufficient consideration for the offer, which

---

[1] Counsel cited, in support of this contention, *Hunt v. Thorn*, 2 Mich. 213; *House v. Dexter*, 9 Id. 246; *Baxter v. Robinson*, 11 Id. 520; *Jenkins v. Bacon*, 30 Id. 154; *Compo v. Iron Co.*, 49 Id. 39.

was therefore irrevocable. The unilateral contract does not vest any interest in the land in the vendee. *Richardson v. Hardwick*, 106 U. S. 252 (1 Sup. Ct. Rep. 213). Neither does the writing in this case. The consideration only makes a right out of what, in the other case, is a privilege merely. In both cases the interest attaches only when the condition is performed. The deceased, then, had merely a right to acquire an interest, and at his death nothing descended to his heirs. The lease, however, with the accompanying right to purchase, did pass to his representative, and, through her, to the complainant, whose assignment the defendants are in no situation to assail. By the payment the contract became a completed purchase, and the complainant acquired an interest in the land.

The decree of the circuit court will be affirmed, with costs.

The other Justices concurred.