W. T. MYERS, Appellant, v. J. J. STONE & SON, J. J. STONE and ARTHUR STONE.

**Leases:** OPTION TO PURCHASE: ASSIGNMENT. An option to purchase
1 real estate, prior to its exercise, creates no interest in the property, and where the right of exercising an option as contained in a lease is limited to the lessee and "no other person" an assignment of the lease carries no right under the option.

**Option:** ASSIGNMENT: ESTOPPEL: EVIDENCE. Under the evidence a
2 lessor granting to the lessee a right to purchase the property, is not estopped to claim the option a personal right of the lessee, as against his assignee claiming the right to exercise the option under an assignment of the lease.

**Same.** Where a mining lease required the lessee to keep the mine
3 and machinery in repair for the full and complete operation of the plant, the placing of a pump and engine therein by an assignee of the lessee for the purpose of removing the water, was insufficient to charge the lessor with notice of the as-

signee's intention to insist on an option to purchase, or to estop him from claiming the same to be a personal right of the lessee.

*Appeal from Appanoose District Court.*— HON. O. W. VER-MILLION, Judge.

MONDAY, FEBRUARY 13, 1905.

THE plaintiff executed two leases of land to McDonald for farming and the mining of coal for a term of three years beginning October 1, 1901, and on the 5th of March, 1902, the latter assigned his interest therein to the defendants. This action was begun in February, 1903, and raises the issues discussed in the opinion. The court found that plaintiff had waived the strict performance of the contracts, and was estopped from objecting to the assignment of the leases, and from saying defendants were not entitled to exercise the option of purchasing the premises. The plaintiff appeals.— *Reversed.*

*C. F. Howell, L. C. Mechem,* and *W. R. C. Kendrick,* for appellant.

*H. E. Valentine,* for appellees.

LADD, J.— The term of plaintiff's leases of the land in controversy to McDonald, subsequently assigned by him to defendants, expired October 1, 1904. Prior to the beginning of this action, performance had not been in strict compliance with the conditions of the contracts, but a careful examination of the record has convinced us that the breaches, such as might have entitled plaintiff to a forfeiture, were waived, and that plaintiff is estopped from objecting to the assignment. No doubtful proposition of law is involved in these issues, and a review of the evidence bearing thereon would serve no useful purpose.

II.   Aside from claiming the benefits of the leasehold,

the defendants insist that they also acquired the privilege to exercise the option of purchasing the premises. Among other things, the principal lease provided that: "If the party of the second part shall fully comply with each and every covenant and agreement contained in this lease and the coal lease as aforesaid named, the said second party, but no other person, shall then ·at the time of the expiration of this lease, and not thereafter, have the option of purchasing the land herein leased including all the coal thereunder and the coal underlying the north 10 acres of the northwest ¼ of the northwest ¼," describing it, and fixed the price to be paid. Generally an option may be defined as a contract by which an owner agrees with another person that he shall have the privilege of buying his property at a fixed price ‘within a specified time. *Ide v. Leiser,* 10 Mont. 5 (24 Pac. 695, 24 Am. St. Rep. 17). It is neither a sale of land ·nor an agreement to sell, but merely the disposal of the privilege of electing to buy at a fixed price within the time limited. The other party acquires no land, nor interest in land, not even a chose in action, prior to his election, but he does obtain, what is often of much value, the privilege, at his election, to demand and receive the conveyances of land. The nature of such a contract was pointed out in *Sweezy v. Jones,* 65 Iowa, 272, where the court, speaking through Adams, J., said: "The person holding the right of option is not a purchaser. He becomes such only by exercising his right of option, and not until he becomes a purchaser does he acquire anything which a court of law or equity can recognize. We do not think, indeed if Jones had had nothing more than a mere right of option not exercised, that it would have been claimed that he had anything that could‘ have been sold upon execution." This was followed in *Conn v. Tonner,* 86 Iowa, 577, in holding that a mortgage of the leasehold did not cover the lessee's option to purchase. See, also, *Newton v. Newton,* 11 R. I.

1. LEASES: option to purchase; assignment.

390 (23 Am. Rep. 476).   In its very nature an option is subject to such limitations as the owner may impose.   He may make its exercise dependent upon the performance of conditions precedent contained in the same contract, as of a. lease; or, for reasons appearing sufficient to himself, he may restrict the privilege of buying to a single individual. The right to discriminate between purchasers freely is one of the attributes of private ownership of property, and the reasons which lead to it are not the proper subjects of judicial inquiry.   They inhere in the right to freedom of contract.   But in the instant case the very nature of the option obviated the possibility of its transfer to another. It was granted to the lessee named, but to no other person, and this necessarily excluded all others, and constituted it merely a personal privilege, which was no more assignable than rights arising out of contracts involving relations of personal confidence.   See *Menger v. Ward,* 87 Tex. 622 (30 S. W. 853); *Hosford v. Metcalf,* 113 Iowa, 240.   *Sutherland v. Parkins,* 75 Ill. 338; *Meynell v. Surtees,* 3 Smale & G. 101, 117.   *Contra, Gustin v. Union School Dist. of Bay City,* 94 Mich. 502 (54 N. W. 156, 34 Am. St. Rep. 361).

III.   Appellees also contend that Myers is now estopped from claiming that the option to purchase is a mere personal privilege, not assignable, and that it did not pass to them with the lease.   It is not pretended that he consented to transfer of the option to them.   If in the first talk with J. J. Stone a purpose not to object to the assignee's exercising the option might be inferred, that conversation occurred after the assignment of the lease by McDonald to J. J. Stone & Son, and before anything was ever done in reliance thereon.   In another conversation Stone was plainly informed by Myers that McDonald had no right to lease anything or assign anything to him.   The payment of rent had no connection with the option, as that might be collected even though the option were never exercised; nor did the taking of possession of the

2. OPTION: assignment; estoppel; evidence.

property and the operation of the mine, for these also were independent of any undertaking with reference to the purchase.

The only remaining question is whether the improvements made by defendants were of such a character as to apprise Myers of defendants' intention to exercise the option. In the absence of knowledge to the contrary, he had the right to assume that whatever

3. SAME.

was done in and about the mine was in compliance with the terms of the lease, or in order to secure the profits to be obtained in the operation of the mine during its continuance. By the terms of the contract the lessee was bound to maintain the shaft, with all entries and rooms connected therewith, in repair for the full and complete operation of the mine, and also to keep all machinery and coal cars and other personal property situated on the premises and used in connection with the mine in a safe and complete state of repair. If a pump and an engine were placed in the mine, the object was to remove the water in order that defendants might better work it. These were readily movable when no longer needed. Nothing was done which necessarily indicated a purpose to purchase the premises, and, even if there had been, it was in the face of Myers' warning that McDonald could assign nothing. The evidence utterly failed to sustain the plea.

Other matters are discussed, but, in view of the conclusion reached, do not require attention. One-half the costs will be taxed to each party.—*Reversed.*

DEEMER, J., dissenting.