MIER *v.* HADDEN.

1. VENDOR AND PURCHASER—OPTION CONTRACT—VALIDITY—UN-CONSCIONABLENESS.

An option contract for the purchase of land examined, and *held,* not unconscionable though it gives the purchaser the right to purchase or not at his option, and gives him the choice of remedy by suit for specific performance or action for damages, while limiting the vendor, in case of failure to purchase, to stipulated damages of one dollar.

2. SPECIFIC PERFORMANCE—LAND CONTRACT—PROPRIETY—REMEDY AT LAW.

An action at law for the breach of an optional contract to sell land is not an adequate remedy barring the remedy by specific performance, where the option holder, in reliance on the option, has contracted to sell the land to another and will be liable to him for breach of contract in case of inability to perform.

3. SAME—OPTION CONTRACT.

Options for the purchase of land, where based on a valid consideration, are valid contracts, and may be specifically enforced.

4. VENDOR AND PURCHASER—OPTION CONTRACT—CONSTRUCTION —REFUSAL AFTER ACCEPTANCE.

A contract giving an option to purchase land on or before a certain date, and providing that the option holder may refuse to purchase, and stipulating the vendor's damages in such case, does not mean that the purchaser may refuse to purchase after he has accepted the option.

5. SPECIFIC PERFORMANCE—MUTUALITY OF REMEDY.

The purchaser's right to specific performance of an option for the purchase of land is not affected by the fact that the contract gives the purchaser a choice of remedy by suit for specific performance or action for damages, while the vendor is limited to an action for damages, stipulated to be one dollar.

6. VENDOR AND PURCHASER—CONTRACT—VALIDITY—WITNESSES.

Section 9035, 3 Comp. Laws, does not render a contract for the sale of land wholly void when executed without witnesses, in view of the provisions of section 9051.

7. SPECIFIC PERFORMANCE—BILL—OFFER OF PERFORMANCE.

    A bill for specific performance of an option to purchase land sufficiently alleges performance on the part of the purchaser where it shows a written acceptance of the option and demand of abstract as provided by the contract, and refusal by the vendor to perform, and offers to pay the price, and to bring into court the amount thereof to be paid on delivery of a conveyance.

8. VENDOR AND PURCHASER — OPTIONAL CONTRACT — RENUNCIATION.

    Where a valuable consideration is paid for an option to purchase land the vendor cannot withdraw the offer before expiration of the option period.

Appeal from Cass; Des Voignes, J. Submitted April 16, 1907. (Docket No. 120.) Decided May 18, 1907.

Bill by Solomon Mier, Abraham Mier, Isaac Rose, and Leon Rose, copartners as the Sol. Mier Company, against Samuel B. Hadden and Matilda A. Hadden for the specific performance of a land contract. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*M. L. Howell*, for complainants.

*John R. Carr*, for defendants.

HOOKER, J. The defendants have appealed from an order overruling a demurrer to a bill for specific performance of a land contract. The bill alleges that the complainants are copartners, engaged in the business of buying and selling land, and that their method is to secure options, and then seek purchasers, to whom they contract the land, afterwards completing their own purchase. In June, 1906, they made an option contract with the defendants, who are and were then husband and wife, to purchase at complainants' option, to be exercised on or before November 1, 1906, at the price of $8,300, the defendants farm. The consideration paid at the time of making this agreement, which was in writing, was $1. A copy was attached to the bill:

"Option contract, between Sol. Mier Co., of Ligonier, Ind., party of the first part, and Samuel B. Hadden and Matilda A. Hadden, his wife, of Ontwa township, Cass county, Mich., party of the second part, to wit.

"In consideration of one dollar ($1.00) paid by party of the first part to party of the second part, the receipt of which is hereby acknowledged and in consideration of the agreements hereinafter set out, said second party hereby sells to said first party for the sum of eighty-three hundred dollars ($8,300.00) to be paid to said second party as follows: Cash upon possession of land (less amount of liens and encumbrances on the real estate) upon execution to said first party of a warranty deed therefor the following real estate in Cass county, State of Michigan, viz. :

"Fifty-seven (57) acres off the east side of the northwest quarter ($\frac{1}{4}$) of section seven (7) south of highway and thirty-three (33) acres off the west side of the northeast quarter ($\frac{1}{4}$) south of highway in section seven (7) all in township eight (8) south of range fifteen (15) west containing ninety (90) acres more or less to be more accurate, described in deed.

"Party of the second part agrees to furnish abstract showing perfect title to said real estate, which title must be made satisfactory to said first party's attorney, and second party agrees to convey said real estate to party of the first part by deed of general warranty. First party may demand the execution of said deed at any time within November 1, 1906, from the date hereof; and if second party fails or refuses to execute the same or fails or refuses to perform the stipulations hereof on his part, then first party may by suit enforce the specific performance by second party of this contract, and the execution of a deed for said real estate, or may, at his option, by suit, recover from said second party, with interest and attorney's fees and without relief, whatever damage he may have suffered by reason of any default on the part of said second party.

"First party may refuse to purchase said real estate, and, if he does so, shall forfeit and pay to second party with interest and attorney's fees and without relief, the sum of one dollar ($1.00) which shall constitute the only liability of first party for such refusal.

"This contract to be void unless the first party offers performance thereof on his part within said period of November 1, 1906.

"Deed to be made and delivered at the office of Sol. Mier Co., at South Bend, Ind.

"It is further agreed that the party of the second part reserve the tenant's interest the one-half ($\frac{1}{2}$) of the wheat sown in the fall of 1906.

"Possession to be given March 1, 1907.

"Executed in duplicate this 21st day of June, 1906.

"SOL. MIER CO.,

"By LEON ROSE.        [Seal.]
"SAMUEL B. HADDEN.    [Seal.]
"MATILDA A. HADDEN.   [Seal.]"

The defendant Samuel B. Hadden still owns the premises, and the price was a fair one. The bill alleges that the complainants relied on the option, and have found a purchaser, and made a contract to convey the premises to him, and will be liable to him in damages if they shall fail to perform their contract. They elected to purchase the land, and so notified the defendants on or about October 1, 1906, when defendants informed them that they would not perform the contract made by them. We have examined the bill in the record in the light of defendants claim that the contract is unconscionable and are of the opinion that it is not open to that charge. We shall therefore turn our attention to the legal questions raised.

*Adequacy of Remedy at Law.*

If it were to be conceded that equity would never enforce specifically a contract for the purchase of land, where damages would afford an adequate remedy, we should, nevertheless, be justified in enforcing this, because of the contract obligations which have grown out of it. The complainants' refusal or inability to perform such contracts would be likely to subject them to damages for nonperformance, and the danger that the damages recoverable upon this contract might not equal the sum that another jury might award upon that, to say nothing of the inconvenience and expense of two lawsuits.

*Want of Mutuality.*

(*a*) Options for the purchase of land, where based on

a valid consideration, are valid contracts, and may be specifically enforced. See *Gustin* v. *School District*, 94 Mich. 502.

(*b*) It is claimed that this contract cannot be specifically enforced, for the reason that the complainants have the right to refuse to purchase after they have accepted the option. We do not so construe the contract. This provision is essential to make the contract optional.

(*c*) Another obstacle to specific enforcement is said to be a want of mutuality in the right of enforcement, for the reason that the complainants have choice of action at law or specific enforcement by the express terms of the contract, while the defendants have not, and the latter's damages are stipulated, while those of the former are not. We see nothing in this that affects the question. It is a part of the provision which constitutes the option.

### Validity of the Contract.

It is said that the contract is void for want of witnesses, under 3 Comp. Laws, § 9035, which provides that:

" (9035) SECTION 1. *The People of the State of Michigan enact*, That contracts for the sale of land or any interest therein, shall be executed in the presence of two witnesses, who shall subscribe their names thereto as such, and the vendor named in such contract, and executing the same may acknowledge the execution thereof before any judge, or commissioner of a court of record, or before any notary public or justice of the peace within this State; and the officer taking such acknowledgment shall endorse thereon a certificate of the acknowledgment thereof, and the date of making the same under his hand."

This is answered by 3 Comp. Laws, § 9051:

" (9051) SEC. 4. No conveyance of land or instrument intended to operate as such conveyance, made in good faith and upon a valuable consideration, whether heretofore made or hereafter to be made, shall be wholly void by reason of any defect in any statutory requisite in the sealing, signing, attestation, acknowledgment, or certificate of acknowledgment thereof; nor shall any deed or conveyance, heretofore or hereafter to be made, designed

and intended to operate as a conveyance to any religious or benevolent society or corporation, be wholly void by reason of any mistake in the name or description of the grantee, nor because of any failure of such society or corporation to comply with any statutory provisions concerning the organization of such society or corporation : *Provided,* Such society or corporation shall hereafter comply with the provisions of the statute touching the organization or incorporation of such societies; but the same, when not otherwise effectual to the purposes intended, may be allowed to operate as an agreement for a proper and lawful conveyance of the premises in question, and may be enforced specifically by suit in equity in any court of competent jurisdiction, subject to the rights of subsequent purchasers in good faith and for a valuable consideration; and when any such defective instrument has been or shall hereafter be recorded in the office of the register of deeds of the county in which such lands are situate, such record shall hereafter operate as legal notice of all the rights secured by such instrument."

This section was applied to a contract in the case of *Aultman, Miller & Co.* v. *Pettys,* 59 Mich. 486, where it was held that the record of a contract having only one witness was constructive notice of a contract. This necessarily implies that the contract was not void, under section 9035, for otherwise the question of notice would have been unimportant, but Mr. Justice MORSE expressly said:

" We think the agreement conveyed such an interest in land that it was entitled to record. It was something more than an executory contract for the sale of the land. It expressly gave the future wife such an interest, at once upon its execution and delivery, that Daniel Pettys could ,not sell or incumber it without being joined in the deed or mortgage by the defendant, Lucina. Pettys, and it was intended to.and did operate as a conveyance to her of a present interest in the premises; such an interest that, without her deed or lease, no possession could be given to any one."

The contract there under consideration was a conditional contract to convey land. See, also, *Chicago Lumbering Co.* v. *Powell,* 120 Mich. 57.

Performance.

It is contended that the complainants have not performed the contract upon their part. They served notice in writing after having given oral notice of intention to take the land, and demanded an abstract. Defendants had previously refused to perform the contract. The bill offers to pay the price, and to bring into court the amount thereof to be paid on delivery of a conveyance. We think this sufficient allegation of an offer to perform.

Renunciation.

Counsel claim that the defendants' refusal to perform before the written demand was made was a renunciation of the contract, and effective to determine complainants' rights to require performance. If this would be so as to a gratuitous option before acceptance of the offer therein contained, it is not so in this case, where a valuable consideration was paid for the contract. See *Gustin* v. *School District*, supra.

We think it unnecessary to further discuss the case.

The order is affirmed, with costs.

McAlvay, C. J., and Montgomery and Moore, JJ., concurred.

Ostrander, J. (*concurring*). I concur in affirming the decree. The written instrument in evidence is, in effect, no more than an offer, based upon a valuable consideration, to sell real estate if the offer is accepted on or before a certain date. It does not convey, or vest in the option holder, any interest in the land. *Gustin* v. *School District*, 94 Mich. 502. If the offer was properly accepted before it was withdrawn, within the time limited, there was a completed contract which a court of equity may enforce. *Wilcox* v. *Cline*, 70 Mich. 517; *Herrman* v. *Babcock*, 103 Ind. 461; *Willard* v. *Tayloe*, 8 Wall. (U. S.) 557; *Johnston* v. *Trippe*, 33 Fed. 530; *Bradford* v. *Foster*, 87 Tenn. 4; *Weaver* v. *Burr*, 31 W. Va. 736 (3 L. R. A. 94); *Coleman* v. *Applegarth*, 68 Md. 21;

*Linn* v. *McLean*, 80 Ala. 360.    See, also, 2 Beach on Contracts, §§ 887–924.    The option does not specify the manner of acceptance, or how offer of performance shall be made.    In such a case, to satisfy the statute of frauds, the election should be in writing.    It is averred in the bill that a written notice that complainants had elected to purchase the land, with a demand for an abstract, was personally given to each of the landowners, previous to which time, however, upon receiving an oral statement that complainants had elected to purchase according to the option the landowners withdrew the offer.    The courts are not agreed upon the proposition that an offer to sell, based upon a valuable consideration, may not be withdrawn during the option period.    The proposition has been stated obiter in several opinions, among which are *Willard* v. *Tayloe, Bradford* v. *Foster, Weaver* v. *Burr,* supra.    The point was not involved in *Gustin* v. *School District.*    It is expressly ruled in *Ross* v. *Parks,* 93 Ala. 153 (11 L. R. A. 148), in accordance with the conclusion here reached.    While it may seem at first blush a legal paradox that a contract for the sale of land, mutual and enforceable, can be made when at the time it is claimed to have been made one party to it is openly protesting that he will make no such contract, and while reasons may be advanced to support the proposition that the option holder should be in such a case remitted to an action for damages for refusal to hold the offer open for the stipulated time, there is reason and precedent for holding that the offer to sell, if paid for, may not be withdrawn during the stipulated time, being, in law, a continuing offer to sell.