## HORGAN et al. v. RUSSELL.

(43 L.R.A.(N.S.) 1150, 140 N. W. 99.)

**Pleading — demurrer — contract — specific performance — option contract — acceptance — time, essence of contract — subsequent performance — equity in option contract.**

In an action for specific performance of a contract created by the written

---

Note.—As to rights of third persons intervening between the taking and the exercise of an option for the purchase of real property, see note to report of this case in 43 L.R.A.(N.S.) 1150, and earlier cases collected in note in 28 L.R.A.(N.S.) 522.

acceptance of a written option to purchase, granted plaintiffs by an owner of lands, of which owner defendant procured title with full knowledge of the outstanding and unaccepted but not expired irrevocable option, it is *held:*—

(1) That defendant's rights are subject to those of plaintiff's, arising from their acceptance within the option period of the option granted them.

(2) That specific performance may be maintained against defendant, as it could have been against his grantor, the former owner of the land.

(3) The option and the acceptance are set forth and construed, and it is held that the written acceptance constituted an unconditional and unqualified acceptance of the option in accord with its terms.

(4) That the option stipulated the manner of acceptance and the period of time within which acceptance might be so made; also it embodied provisions as to performance and time of performance to be allowed the parties after acceptance of the option to purchase. As to this it is *held:*—

(a) That time within which the acceptance was to be made was of the essence of the contract; but that time within which the contract was to be performed after acceptance, not being clearly and beyond question stipulated to be of the essence of the contract, a performance attempted by a tender of payment by the purchaser, three days after the expiration of said time stipulated, is within time and valid in equity.

(b) A definite and unconditional acceptance in accordance with the manner and terms stipulated in the option is not avoided or rendered uncertain or conditional by matter contained in the acceptance concerning the method of performance, or where payment should be made, or by a demand for an abstract for which the sellers, under the terms of the option, were not obligated to furnish, where the unconditional acceptance is not qualified or made conditional upon compliance with such requests or demands concerning performance.

(c) Acceptance and subsequent performance are different matters; and where the acceptance is unconditional, suggestions or demands as to performance, not qualifying or rendering the acceptance conditional upon compliance with such demands, will not invalidate such acceptance.

(d) Such an unqualified and unconditional acceptance creates a contract of purchase and sale in which an action for specific performance will lie. Such contract is enforceable in equity, as a written contract embodying the same terms and subscribed by the seller and purchaser would be enforced.

(5) Upon acceptance in accordance with the terms of an option to purchase real estate, where the land covered thereby has been, pending acceptance and during the period stipulated within which acceptance might be made, transferred to a third party with full notice of such option outstanding and unaccepted, the same may be accepted by notice of acceptance served upon the optionor, the owner, giving the option, and thereupon the rights of the acceptor, optionee, relate back to and attach as of the date of the option, and render

the intervening rights acquired with notice subject to all rights of the option purchaser.

(6) Such rights of the optionee constitute an interest in lands enforceable in equity, though the optionor has transferred title to a third person, who accepted title with notice of the option.

(7) The performance here offered as pleaded *held* to be a substantial compliance with the contract, although the amount of an outstanding mortgage lien of record upon the premises was deducted from the amount tendered in full for the stipulated purchase price; and the fact that the deposit of such amount tendered was made subject to the order of the original owner and optionor, with notice in writing thereof served upon both optionor and defendant purchaser with notice, does not defeat the right of plaintiffs to specific performance.

Opinion filed February 5, 1913.

From an order of the District Court for McLean County, *Winchester,* J., overruling a demurrer to the complaint, defendant appeals.

Affirmed.

*Purcell & Divet* and *Hyland & Nuessle,* for appellant.

To constitute a contract specifically enforceable by reason of offer and acceptance, the acceptance must be definite and unconditional, leaving nothing further to be done by the one making the offer. DeJonge v. Hunt, 103 Mich. 94, 61 N. W. 341; Beiseker v. Amberson, 17 N. D. 215, 116 N. W. 94.

The vendor must be paid, or payment must be offered at his residence. Greenawalt v. Este, 40 Kan. 418, 19 Pac. 803; Batie v. Allison, 77 Iowa, 313, 42 N. W. 306; Egger v. Nesbitt, 122 Mo. 667, 43 Am. St. Rep. 596, 27 S. W. 385; DeJonge v. Hunt, 103 Mich. 94, 61 N. W. 341; Richards Trust Co. v. Beach, 17 S. D. 432, 97 N. W. 358.

The law fixes the time and place of payment, where contract is silent. Batie v. Allison, 77 Iowa, 313, 42 N. W. 306; Mier v. Hadden, 12 Ann. Cas. 92 (note).

On a sale of land, there is no implied obligation on the part of the vendor to furnish an abstract. Richardson Trust Co. v. Beach, 17 S. D. 432, 97 N. W. 358; Stearns v. Clapp, 16 S. D. 558, 94 N. W. 430; Jepson v. Marohn, 22 S. D. 593, 21 L.R.A.(N.S.) 935, 119 N. W. 988; Donley v. Porter, 119 Iowa, 542, 93 N. W. 574.

Provision in contract for time in which to examine abstract does not indicate a promise by vendor to furnish it, nor does it change the

rule. Easton v. Montgomver, 90 Cal. 307, 25 Am. St. Rep. 123, 27 Pac. 280.

In order to maintain such an action, the amount due should have been tendered. Kulberg v. Georgia, 10 N. D. 461, 88 N. W. 87; Rude v. Levy, 24 L.R.A.(N.S.) 91, and note.

A mere option does not give the optionee any title. Warvelle, Vend. & P. p. 187; 24 L.R.A.(N.S.) 91.

*McCulloch & Nelson,* for respondents.

An option contract fully accepted, may be enforced by action for specific performance. Turner v. McCormick, 56 W. Va. 161, 67 L.R.A. 853, 107 Am. St. Rep. 904, 49 S. E. 28.

There was an unqualified acceptance. Swiger v. Hayman, 56 W. Va. 123, 107 Am. St. Rep. 899, 48 S. E. 839, 3 Ann. Cas. 1030; Turner v. McCormick, supra; 39 Cyc. 1238, and cases cited; Kreutzer v. Lynch, 122 Wis. 474, 100 N. W. 887; Hunter v. Coe, 12 N. D. 505, 97 N. W. 869; 36 Cyc. 761, and cases cited.

Specific performance will be decreed against the constructive trustee, and no tender is necessary. Sizer v. Clark, 116 Wis. 534, 93 N. W. 539; Frank v. Stratford-Hancock, 13 Wyo. 37, 67 L.R.A. 571, 110 Am. St. Rep. 978, 77 Pac. 134.

The tender made is sufficient. Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210; 36 Cyc. 702, and cases cited; Newman v. Baker, 10 App. D. C. 187; 39 Cyc. 2090, and cases cited; Rev. Codes 1905, Secs. 5219, 5255, 5268; Damon v. Weston, 77 Iowa, 259, 42 N. W. 187; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938.

Defendant had full knowledge of the option, and took subject to equities. Smith v. Bangham, 156 Cal. 359, 28 L.R.A.(N.S.) 522, 104 Pac. 689; Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526; Barrett v. McAllister, 35 W. Va. 103, 12 S. E. 106; Sizer v. Clark, 116 Wis. 534, 93 N. W. 539; Donnally v. Parker, 5 W. Va. 301.

Goss, J. This is an action to enforce specific performance of a contract alleged to have been consummated by the acceptance of an option upon real estate. During the period granted by the option within which to accept the same, the optionor and owner, one Haas, sold and deeded defendant the land described in the option, who purchased and took title with full knowledge that plaintiffs held a written

option to purchase such property. Plaintiffs thereafter attempted to exercise their option by service upon the former owner, Haas, of a written notice of intention to accept the option he had, previous to his transfer, granted plaintiffs. Subsequently a tender was made by depositing in a bank the difference between the encumbrances upon the land and the purchase price, and notice thereof given defendant. Plaintiffs bring this action against the purchaser, with notice to compel the transfer to them of the land involved, tendering the amount so deposited. To the complaint setting out the foregoing facts, the written option and written acceptance thereof, and written notices of tender served, defendant demurs on the grounds that the complaint does not state facts sufficient to constitute a cause of action, upon the overruling of which demurrer defendant appeals.

The first question for determination is whether there was a valid acceptance of the option granted. Upon this depends whether the option to purchase remained merely an unaccepted offer to sell, or instead by legal acceptance became changed into a valid contract of purchase and sale. The following is the option.

For and in consideration of the sum of $1 to me in hand paid, the receipt whereof is hereby acknowledged, I hereby grant unto I. A. Smith and J. E. Horgan an option for thirty days, from the 25th day of April, 1910, to purchase, for the sum of $1,600, the following described lands or leases situated in the county of McLean, and state of North Dakota.

Northeast quarter (N. E. ¼) of section seven (7) township one hundred forty-six (146) range eighty-two (82) upon the following terms and conditions, to wit: Said I. A. Smith and J. E. Horgan to signify his intention to take or reject the same by due notice in writing within this time above specified, and a failure to serve such notice within the time specified shall terminate this option without further action, time being the essence of this agreement.

In case said notice shall be served in due time, then thirty days shall be given in which to examine abstract, make deeds, and close sale.

Witness: Geo. M. Schudder, Emil Wendt.

John Haas    (Seal.)

To the foregoing option the following was served as an intended acceptance thereof. It reads:

To John Haas:

You are hereby notified that pursuant to the option contract, a copy of which is hereto annexed and made a part of this notice, that I. A. Smith and J. E. Horgan do hereby signify their intention to take the land described therein, and herein described as follows:

The northeast quarter (N. E. $\frac{1}{4}$) of section seven (7), township one hundred forty-six (146), range eighty-two (82).

And you are further notified that the above named I. A. Smith and J. B. Horgan are ready, able, and willing to perform each and all of the terms thereof at such time and in such manner as may be designated by you, according to the terms of the said contract, and for that purpose are ready, able, and willing to deposit the sum of sixteen hundred ($1,600) to your credit in such time and place and manner as may be designated by you, and hereby demand an abstract and deed of said land.

You will please accept or reject this proposition at once, and complete the transaction according to the terms of said contract.

Signed and dated at Washburn, McLean county, North Dakota, this 9th day of May, A. D., 1910.

J. E. Nelson,<br>
Attorney for I. A. Smith and J. E. Horgan,<br>
Washburn, North Dakota.

Appellant alleges the acceptance to have been conditional and to have embraced matters not included in the option, in that an abstract of title was demanded and the owner was asked to designate a time, place, and manner of deposit and performance, and to accept or reject a proposition not within the option given; and that the acceptance is equivocal, ambiguous, uncertain, and insufficient in law to constitute an unconditional acceptance of the option tendered.

It is the settled law of this state that, "before the acceptance of an offer becomes a binding contract, the acceptance must be unconditional, and must accept the offer without modification or the imposition of new terms." Beiseker v. Amberson, 17 N. D. 215, 116 N. W. 94. The

foregoing, on acceptance of an option, has the support of all authority. We may here mention that the letter set forth in the opinion in Beisiker v. Amberson, supra, shows the acceptor qualified his acceptance by the imposition of new terms, as to place of payment and performance, by requiring the deed to be transmitted by the optionor to a place designated by the optionee, at which place, in this state, instead of the optionor's residence in Washington, performance by delivery of the deed and payment were to be made. These facts clearly distinguish Beiseker v. Amberson, supra, from the facts here before us on demurrer to plaintiffs' complaint.

In option contracts, as in all contracts, acceptance is one thing, performance another and different thing; and what has heretofore been said has particular reference to the former. The cases and text-book writers distinguish, in actions for specific performance, between acceptance and performance; and the necessity for this distinction is well exhibited by the two written instruments now being considered, the so-called option and its notice of acceptance. The option itself granted "an option for thirty days . . . to purchase for the sum of $1,600 the following described lands;" and that its acceptance should be made by plaintiffs signifying their "intention to take or reject the same by due notice in writing within this time above specfied, . . . time being the essence of this agreement." This constituted a complete offer to sell within the period named. There is a stipulated method of and time within which acceptance shall be made, or the right to make acceptance shall end. And the option contract further provides, in the last paragraph thereof, in a general way, for performance after acceptance, by the stipulation "in case said notice shall be served in due time then thirty days shall be given in which to examine abstract, make deeds, and close sale." We find, then, the written offer tendered plaintiffs provides for both acceptance and subsequent performance. This is important when we consider the optionee's rights and privileges under the option, and that it would be but natural and reasonable for the optionee, inasmuch as the option concerned both its acceptance and subsequent performance, to make mention in the written acceptance of the option of some notification or offer concerning its subsequent performance. In fact, the last paragraph of the option practically invites some suggestion, offer, or notification concerning readiness, ability, time, or

manner of performance to "close sale." Such we find to have been in the minds of the plaintiffs at the time of the preparation of the notice of acceptance, as is clearly apparent from it. The first two paragraphs of this notice constitute an unequivocal, unconditional, positive, and plain acceptance strictly as stipulated for in the option. The acceptance reads: "You are hereby notified that pursuant to the option contract, a copy of which is hereto annexed and made a part of this notice, that I. A. Smith and J. A. Horgan do hereby signify their intention to take the land described therein and herein described, as follows." A more definite acceptance could not be drawn. Then we notice that plaintiffs, evidently with reference to the last paragraph of the option concerning performance, inserted in the notice the last two paragraphs referring to time, place, and manner of performance, making therein a proposition concerning the same, and terminating the instrument with: "You will please accept or reject this proposition at once *and complete the transaction according to the terms of said contract.*" It is true they "hereby demand an abstract and deed of said land," and it is equally certain that as to the abstract demanded plaintiffs had no right to demand the same, nor was the optionor, Haas, obliged to furnish an abstract. But such demand pertained not to the acceptance, but to performance after acceptance. In order for this demand to invalidate the acceptance, it must amount to a qualification or condition imposed as a part of the acceptance itself. In other words, it must amount in this case to a qualified acceptance to the effect that optionees "do hereby signify their intention to take the land described therein, provided or upon condition that optionor, in addition to a deed, furnish an abstract of title to said premises." Such is not the construction to be placed upon the acceptance, nor was it the intent of the optionees to make the acceptance conditional upon the furnishing of an abstract. On the contrary the acceptance was specific, certain, and unconditional. The demand for an abstract was made in reference to what should happen during the thirty-day period after the option became, as it did, a contract of sale, and as to performance during said period of said executory contract. In support of our conclusions we quote the following from the conclusion of the opinion in Turner v. McCormick, 56 W. Va. 161, 67 L.R.A. 853, 107 Am. St. Rep. 904, 49 S. E. 28, where the rule is laid down

24 N. D.—32.

that "acceptance of the formal and carefully prepared option of sale of land within the time by it allowed and according to its terms, although accompanied by a request for a departure from its terms as to the time and place of performance, is an unconditional acceptance, and converts the option into an executory contract of sale, provided the request be not so worded as to limit or qualify the acceptance." Consult also Watson v. Coast, 35 W. Va. 463, 14 S. E. 249, to the effect that "where a written proposal for the sale of land, sometimes called an option, is dependent merely upon acceptance within a fixed time, upon such acceptance and notice of it to the proposer, within the time, an executory contract is formed with mutual obligations on the parties as in other contracts." This portion of the case is fully passed upon in an opinion from the supreme court of Iowa, by Justice Deemer, in Breen v. Mayne, 141 Iowa, 399, 118 N. W. 441, at page 443, from which we quote: "The only fixed rule regarding the manner of the exercise of an option under a contract granting it is to discover from the language of the instrument, construed in the light of competent parol testimony, the intent of the parties with reference thereto. It may be that, under the terms of a given option, the only proper and binding method of election or acceptance is by the payment or a tender of the purchase price. On the other hand, there are many cases where the option may be exercised in parol or by any other method indicating an election to take the land; the payment of the purchase price and the making of the deed being subsequent matters in performance of a binding contract. In the one case there is an election to sell upon payment of the purchase price, which is a condition precedent to the foundation of the contract; and, on the other, there is an election to take the land upon the terms proposed, payment of the purchase price being a condition subsequent, or rather the performance of an executory contract theretofore entered into. It is important in such cases to distinguish that which pertains to the performance of a contract from that which pertains to its making. To make any sort of a contract, there must be a meeting of minds upon a given subject. An offer without acceptance is not a contract; and as a rule the acceptance, to be binding, must be in accord with the terms of the offer, and not in some other manner. In other words, the party making the offer may prescribe the method of acceptance, and to constitute a binding contract this method must

be followed." Citing Watson v. Coast, supra; Pom. Contr. § 387; Minneapolis & St. L. R. Co. v. Cox, 76 Iowa, 306, 14 Am. St. Rep. 216, 41 N. W. 24; Bundy v. Dare, 62 Iowa, 295, 17 N. W. 534; Lockman v. Anderson, 116 Iowa, 236, 89 N. W. 1072; Myers v. Stone, 128 Iowa, 10, 111 Am. St. Rep. 180, 102 N. W. 507, 5 Ann. Cas. 912. See also note to Litz v. Goosling, 21 L.R.A. 127; and 39 Cyc. 1243, from which we quote: "Acceptance within the time specified of an option to purchase land, and compliance with the conditions if any, changes the option into a contract of sale, binding upon both parties." Citing many authorities.

In the words of Watson v. Coast, 35 W. Va. 463, at page 473, 14 S. E. 249; "Having thus a contract, it simply remained for the parties or the law to execute it according to its terms, and so far as it does not prescribe, as prescribed by law; and the matter of payment is in this case as in ordinary cases of executory contract. The covenant or obligation to pay and that to pass title are mutual and dependent; and one cannot be required before the other is ready to be performed. Barrett v. McAllister, 33 W. Va. 738, 11 S. E. 220; Roach v. Dickinson, 9 Gratt. 154; 3 Pom. Eq. Jur. § 1405." Had Haas remained the owner until after the acceptance of the option given by him to plaintiffs, we would have had, arising from such acceptance of the option given, an executory contract of sale in all respects the same as though it had been an ordinary contract of purchase and sale of lands upon the same terms and subscribed by both parties, owner and optionee; which, then, would have called for a deed upon the payment of the purchase price of $1,600 within the thirty-day period of time stipulated 'in which to examine abstract, make deeds, and close sale.' "

On the contention of this defendant the question now arises as to whether the acceptance of the option, after the transfer by deed to this defendant, who under the pleading had "full knowledge of said contract" and of its subsequent acceptance, passes any right or estate to plaintiffs. Defendant contends that the option, unaccepted at the time of the sale, amounted only to a mere offer to contract, and pass no right to make subsequent acceptance, or to the land itself; that the offer was wholly executory and prospective, and could not amount to a right or interest in the land enforceable in equity. This appears plausible, but does not have the support of authority. This is well summarized

in Smith v. Bangham, 156 Cal. 359, from page 365, 28 L.R.A. (N.S.) 522, 104 Pac. 689, of which we quote, concerning the said question: "It has been said that an option to purchase land does not, before acceptance, vest in the holder of the option an interest in the land. Richardson v. Hardwick, 106 U. S. 252, 27 L. ed. 145, 1 Sup. Ct. Rep. 213; Gustin v. Union School Dist. 94 Mich. 502, 34 Am. St. Rep. 361, 54 N. W. 156; Phenix Ins. Co. v. Kerr, 66 L.R.A. 569, 64 C. C. A. 251, 129 Fed. 723. On the other hand, there are cases holding that the grant on a valuable consideration of an option to purchase constitutes the grantee the equitable owner of an interest in the property. House v. Jackson, 24 Or. 89, 32 Pac. 1027; Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526; Telford v. Frost, 76 Wis. 172, 44 N. W. 835; Wall v. Minneapolis, St. P. & S. Ste. M. R. Co. 86 Wis. 48, 56 N. W. 367. At any rate the option vests in the grantee the right or privilege of acquiring an interest in the land, and when accepted entitles him to call for specific performance. Hawralty v. Warren, 18 N. J. Eq. 124; 90 Am. Dec. 613; Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526; People's Street R. Co. v. Spencer, 156 Pa. 85, 36 Am. St. Rep. 22, 27 Atl. 113; Guyer v. Warren, 175 Ill. 328, 51 N. E. 580. Such right, when exercised, must necessarily relate back to the time of giving the option, (People's Street R. Co. v. Spencer, supra), so as to cut off intervening rights acquired with knowledge of the existence of the option. A subsequent purchaser, with notice of a valid and irrevocable option, would certainly take subject to the right of the option holder to complete his purchase. Barrett v. McAllister, 33 W. Va. 738, 11 S. E. 220; Sizer v. Clark, 116 Wis. 534, 93 N. W. 539; Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526." To which we may add the note to Smith v. Bangham, supra, also reported in 156 Cal. 359, 104 Pac. 689, found in 28 L.R.A. (N.S.) at page 522; Cummins v. Beavers, 103 Va. 230, 48 S. E. 891, 106 Am. St. Rep. 881, 1 Ann. Cas. 986, and note; and 39 Cyc. 1344, reading: "It has been held that acceptance of an option takes effect on the date of the acceptance, and binds the party only to the conveyance of the property in its present condition. On the other hand, it is held that acceptance of an option and performance of the conditions entitled the holder of the option to call for performance as of the date of the giving of the option, so as to cut off intervening rights acquired with knowledge of the existence of the option," citing au-

thority. And the cases cited above as to the contrary are really not opposed to these principles. Richardson v. Hardwick, 106 U. S. 252, 27 L. ed. 145, 1 Sup. Ct. Rep. 213, holds merely that a written option never accepted and never amounting to a contract creates no interest in real property. In Gustin v. Union School Dist. 94 Mich. 502, 34 Am. St. Rep. 361, 54 N. W. 156, the real question involved was whether the personal representative or the heir at law had the right of acceptance of an option to purchase contained in a lease; that court holding that where the deceased in his lifetime had not availed of the privilege of acceptance, it was a mere right to an interest in personal property, and not an interest in real estate and exercisable by the representative, instead of by the heir. We are here concerned with an executory contract of sale, resulting from an offer and its acceptance, and not with whether a mere right of acceptance is personalty or realty under inheritance laws. And Phenix Ins. Co. v. Kerr, 66 L.R.A. 569, 64 C. C. A. 251, 129 Fed. 723, concerned a provision in a policy of insurance requiring the insured to be the sole and unconditional owner in order to have an insurable interest under the policy; and is in no way an authority on the question before us. The authorities seem to be unanimous to the effect that, upon acceptance, the right of the purchaser relates back to and attaches as of the date of the option, and with the same effect as to intervening adverse parties with notice of the option as though the contract had been completed by an immediate acceptance of the option given.

Appellant claims that if plaintiffs have made a valid tender of payment under the terms of the option, it was too late, as notice of acceptance of it was given May 21st, and notice of tender and demand for deeds was not served upon Haas and Russell until June 23d, on the third day after the expiration of the thirty-day period in the option contract for closing the sale. In this connection, defendant claims that this time provision was of the essence of the option contract according to its terms. We do not so construe it. The essential provision as to time is contained in the second paragraph of the option, requiring Smith and Horgan "to signify his intention to take or reject the same by due notice in writing within this time above specified; and a failure to serve such notice within the time specified shall terminate this option without further action, time being the essence of this agree-

ment." Then comes the thirty-day provision for closing the sale. The time provision concerning which it was stipulated that time was the essence of the agreement related to the time within which acceptance of the option should be made. See §§ 389–402 of Pomeroy on Contracts and Specific Performance, second edition. The authority distinguishes between time as material to and the essence of a contract, and clearly draws a distinction here applicable. We are now dealing not with an option contract, but with specific performance of an ordinary contract of purchase and sale of land. We quote from § 392 of Pomeroy on Contracts. "In order that time may be essential from the express provisions of the agreement, the intent to make it so must be most clearly, unequivocally and unmistakably shown by the stipulation. The prescribing a day at or before which, or a period within which an act must be done, even with a stipulation that it shall be done at or before the day named or within the period mentioned, does not render the time essential with respect to such act. It has been so held with reference to a stipulation for the payment of the price or execution and delivery of the deed." Then, again, from § 399, we quote: "Much confusion has undoubtedly arisen in the minds of both judges and text writers in failing to distinguish between the rules of time as essential and the rules pertaining to time considered as material. In judicial opinions which profess to deal with time as of the essence of the contract, we may find long discussions upon the effect of unreasonable delay, and what circumstances will excuse the delay; whereas, if time is of the essence, no question of delay or of laches, using these words with any regard to their true meaning, can properly arise. If time is essential, the stipulation of the contract must be exactly complied with; not the delay, but failure to perform at the exact day, cuts off the rights of the defaulting party." We cannot say that clearly, unequivocally, and beyond all doubt these parties have stipulated that time shall, in the strict sense, be considered as of the essence of the agreement concerning the closing of this deal. It is clear that concerning the option period for acceptance allowed, that time was intended to be and was made of the essence of the agreement as to acceptance.

Respondent contends, further, that "as a condition of the right to maintain this action, the amount due should have been tendered," and that the defendant, if obligated to perform for Haas, also became sub-

rogated to Haas's rights," and as a condition of conveyance was entitled to receive in his own hand the purchase price." And also defendant claims that specific performance cannot be enforced against this defendant, because an insufficient amount, $950, instead of $1,600 was deposited and is brought into court as the cash to be paid in performance of this contract over and above a $650 mortgage lien upon said premises. The complaint pleads the mortgage as a subsisting lien upon said real property, and that it was mutually agreed between Haas and the plaintiffs, upon the signing of Exhibit A, that, in case of acceptance, performance of the contract should be had by the payment of the amount of the purchase price in excess of such mortgage upon the land; that after acceptance, and on June 23d, the plaintiffs deposited in the First State Bank of Underwood, North Dakota, the sum of $950, being the balance of the purchase price under said contract, and on said day served a notice of tender and demand for deed upon both Haas and defendant Russell, and on their respective attorneys, making such demand a part of the complaint. That plaintiffs are ready and willing to pay defendant this sum, $950, "being the balance of the purchase price after assuming said mortgage for $650, as hereinbefore set forth, and now bring the same into this court for that purpose," and ask for a conveyance subject to the mortgage and for general equitable relief. The notice of tender recited the deposit in said bank of the sum of $950, on the day stated, "to the credit of and payable to the said John Haas; that the said sum of $950 is deposited therein as a tender of the full amount due the said John Haas under and by virtue of an option contract," describing the one in suit and demanding a deed to the land "according to said option contract in return for the payment of said sum of money."

As to the right of plaintiffs to specific performance against defendant, we consider it is settled by Hunter v. Coe, 12 N. D. 505, 97 N. W. 869, as authority for the maintenance of this action against Russell without joining Haas, and as placing defendant in the shoes of Haas for all purposes. We quote from page 511 of the opinion: "It is well settled that one who takes a deed of land, with knowledge of an outstanding contract or title, takes it subject to such contract or title. The purchaser with notice merely stands in the place of his vendor, and may be compelled, in an action of specific performance, to convey upon the

terms of the outstanding contract. . . . Where a contract has been entered into for the sale of property, and that property is afterwards aliened or assigned or contracted to be aliened or assigned, and the alienee or assignee has notice of the original contract, he is liable to its performance at the suit of the purchaser." In the case cited Coe had, subsequent to the making of the contract for sale to plaintiff sued upon, deeded the land to McDevitt. Concerning the order of the lower court that the purchase price on performance decreed to be paid by Hunter should be paid to Coe, the court says: "In the first place, the judgment provides that the plaintiff shall pay to Coe the unpaid purchase price of $475. This is clearly erroneous. There is nothing due to Coe. He transferred all his title and interest to the defendant McDevitt, and was succeeded by him as the holder of the legal title. Coe cannot transfer the title, because he has none, having parted with it by the delivery of a deed to the defendant McDevitt. Under his contract with the plaintiff, Coe was to receive $475 for the land. He has in fact received $525 for the conveyance of the title to the defendant McDevitt. We are not able to understand on what theory Coe should be rewarded for his duplicity by being paid for the land twice. . . . McDevitt, having obtained the legal title with constructive notice of the plaintiff's contract, is bound by it, and may be compelled to convey to the plaintiff. . . . He is bound to perform the contract which his grantor was bound to perform by reason of the knowledge imputed to him. It is equitable that he should do so, but it is also just that the plaintiff, as a condition to obtaining McDevitt's title, shall perform his part of the obligation by paying to the defendant McDevitt, Coe's successor, the consideration which, under the contract, was to have been paid to Coe." Under the parallel circumstances here presented to those in the case cited, after the performance of the terms of the option by the service upon Haas of the acceptance stipulated for in such option to be so served upon him, a contract came into being which defendant Russell was obliged to perform as the successor in interest to Haas. As such he is presumptively entitled to the contract consideration, having the record title, and specific performance may be maintained against him. See note to Rude v. Levy, 24 L.R.A.(N.S.) 91. For plaintiffs to perform they must do or offer to do equity. To do so they have deposited the amount above incumbrances, and bring the same

into court as a tender to defendant. Of the tender they have notified defendant within three days of the expiration of the thirty-day period for closing the deal, time not being essential, strictly speaking, in its performance. The case stands as though this amount had been tendered defendant during said thirty-day period for performance. It is true the notice of tender recites the deposit as made to the credit of and payable to said John Haas. But the same instrument recites that it is to complete the contract and as the payment for the title. In this connection the paragraph of the complaint alleging the performance contemplated to be by the payment of this amount and the assumption of the mortgage, making in the aggregate $1,600, is admitted by the demurrer. Defendant, having full knowledge of the contract, cannot now be heard to assert, as he does, ignorance of this contract provision concerning the mortgage; but, instead, is bound to the same extent as Haas would have been had he not transferred and this action been brought against him instead. Defendant was bound to know the contractual rights of these parties when he, in disregard of the rights of the plaintiffs, purchased, as he did, subject to them.

Our conclusions are that the acceptance was valid, and not conditional, and gave rise to an executory contract of sale of land with plaintiffs as purchasers, and subject to whose rights and with full knowledge thereof defendant has become the owner of the premises purchased; that specific performance may be had against him as could have been otherwise enforced against his grantor; that the rights of plaintiffs relate back to the date of the option given them to purchase these premises; that the performance offered was, under the terms of the contract, within time and a substantial and full compliance therewith; that the tender made was sufficient in equity, the payment required not being a method of or involved in the acceptance of the option, but only in the performance of a contract of sale of land; that any payment tendered on entry of the decree of specific performance should be adjudged to be paid to defendant Russell upon the execution and delivery by him of a deed conveying full legal title of the northeast quarter of section 7, township 146, in range 82, in this state, to plaintiffs as grantee; and that plaintiffs recover of defendant their costs and disbursements on this appeal. The order appealed from, overruling the demurrer, is accordingly affirmed, with leave granted to defendant, pursuant to his

request therefor, to answer, with trial subsequently to be had on the merits. We may add that, if judgment for specific performance is finally entered it should allow defendant, should he elect to do so, to satisfy any mortgages on the land involved, and receive the full contract purchase price, $1,600, for a conveyance to plaintiffs of the land, free of encumbrances.